LEMBECK & BETZ EAGLE BREWING CO. v. CRUDO.

(Supreme Court, Appellate Term.   April 9, 1912.)

JUDGMENT (§ 614*)—CONCLUSIVENESS—EVIDENCE.

In an action on a check, evidence that after giving the check plaintiff obtained judgment against defendant for an amount which included the value of the goods for which the check was originally given was admissible, and constituted a complete defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1126–1129; Dec. Dig. § 614.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lembeck & Betz Eagle Brewing Company against Louis M. Crudo.   From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Morris Kamber, for appellant.

George Ryall, for respondent.

GUY, J.   This action is brought to recover the amount of a check made by defendant and delivered by defendant to plaintiff on or about December 13, 1905, less an admitted payment on account thereof of $36.34.   The answer alleges payment, and sets forth, as a separate and distinct defense, that subsequent to the giving of the check a judgment was obtained by this plaintiff against this defendant for $274.44, which included the amount of the check in suit; that said judgment was paid in full to defendant, and is a bar to this action.

On the trial the defendant offered the judgment in evidence, and sought to introduce evidence establishing the fact that the amount of the check was included in the judgment, and that the judgment included the value of the goods, wares, and merchandise for which the check was originally given.   This evidence would have established a complete defense to the action, and was erroneously excluded.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.